IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GEORGIOS N. DIAMANTOPOULOS,

Petitioner,

vs.

STATE OF NEBRASKA,

Respondent.

8:19CV160

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Georgios N. Diamantopoulos' Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254 on August 29, 2018. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted a one-page, hand-written document that does not clearly indicate the grounds alleged.

Third, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska as Respondent in this matter, which is not the proper respondent.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the court will not act upon it. However, on the court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1. The pending Petition (filing no. 1) is deemed insufficient and the court will not act upon it.

2. By **July 1, 2019**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and in which he names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **July 1, 2019**: Check for amended petition.

5. Petitioner's Motion for Stay (filing no. 6) is denied without prejudice to reassertion after Petitioner files an amended petition in accordance with this Memorandum and Order.

6. Petitioner's "Motion to File Poverty for Writ of Mandamus" (filing no. 7), which the court liberally construes as a motion for leave to proceed in forma pauperis, is denied as moot. Petitioner has already paid the $5.00 filing fee in this case.

Dated this 31st day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge