IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GEORGIOS N. DIAMANTOPOULOS,

Petitioner,

vs.

BRAD HANSON, Warden; and SCOTT FRAKES, Director;

Respondents.

8:19CV160

MEMORANDUM AND ORDER

This matter is before the court on initial review of Petitioner Georgios N. Diamantopoulos' ("Petitioner") Amended Petition for Writ of Habeas Corpus (filing no. 11)[1] brought pursuant to 28 U.S.C. § 2254. The court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

## I. BACKGROUND

Petitioner is serving a life sentence for first-degree murder, and he is in the custody of the Nebraska Department of Correctional Services. (*See* Filing No. 4; Docket Sheet.) This matter is Petitioner's tenth 28 U.S.C. § 2254 petition for writ of habeas corpus filed in this court challenging his conviction and sentence. *See Diamantopoulos v. Nebraska*, 8:11cv431 (Kopf, J.) (dismissing Petitioner's ninth § 2254 petition on February 22, 2012, as successive pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Diamantopoulos v. Nebraska, et al.*, 8:11cv406 (Urbom, J.) (dismissing Petitioner's eighth § 2254 petition on February 14, 2012, as successive pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Diamantopoulos v. Venditte, et al.*,

---

[1] The court directed Petitioner to file an amended habeas petition after concluding, upon preliminary review, that Petitioner's initial Petition for Writ of Habeas Corpus (filing no. 1) was deficient. (*See* Filing No. 9.)

4:10cv3079 (Smith Camp, J.) (dismissing Petitioner's seventh § 2254 petition on June 2, 2010, as successive pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Diamantopoulos v. Nebraska, et al.*, 4:07cv3191 (Strom, J.) (dismissing Petitioner's sixth § 2254 petition on December 10, 2007, as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Diamantopoulos v. Nebraska, et al.*, 4:01cv3287 (Kopf, J.) (dismissing Petitioner's fifth § 2254 petition on September 3, 2002, as successive pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Diamantopoulos v. Nebraska Dep't of Corr., et al.*, 4:98cv3262 (Urbom, J.) (dismissing Petitioner's fourth § 2254 petition on October 14, 1998, as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Rehbein v. Clarke*, 94 F.3d 478 (8th Cir. 1996), *aff'g* 855 F. Supp. 1066 (D. Neb. 1994) (affirming dismissal of Petitioner's third petition for writ of habeas corpus under principles concerning "abuse of the writ" before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

## II. DISCUSSION

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

The court has carefully reviewed the record in this matter and in Petitioner's previous habeas corpus proceedings. Petitioner's previous petitions raise claims and arguments similar to those raised here. Moreover, Petitioner does not raise any new arguments or allege any new facts that demonstrate he is innocent of the underlying offense.[2] Thus, his petition is clearly "successive." Because Petitioner does not assert, nor does the record show, that he sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, it must be dismissed.

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

---

[2] Indeed, Petitioner's new argument that the Nebraska Supreme Court ruled his sentence was in violation of Nebraska Constitution Article IV, Section 13, does not demonstrate his innocence and is unsupported by Nebraska case law. Through its own research, the court could find no such decision by the Nebraska Supreme Court declaring Petitioner's sentence unconstitutional. On the contrary, the Nebraska Supreme Court has specifically concluded that its interpretation of Nebraska statutes rendering inmates sentenced to life imprisonment ineligible for parole, did not infringe on the constitutional authority of the Board of Parole under Neb. Const. Art. IV, Sec. 13, to grant paroles. *Adams v. State Bd. of Parole*, 879 N.W.2d 18 (Neb. 2016).

IT IS THEREFORE ORDERED that the habeas corpus petition ([filing no. 11](#)) is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter. The court will enter judgment by separate document.

Dated this 28th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge